## COMMONWEALTH *vs.* HARTLEY DOOLY.
## SAME *vs.* MARTIN HONEY.

On a complaint for selling intoxicating liquor, without any license, appointment or authority, a special verdict, "that the sale was made, as set forth in the complaint," or "that the defendant made the sale, as set forth in the complaint," is not sufficient to warrant a judgment against the defendant; because it does not show that the sale was unauthorized.

METCALF, J. These are complaints made to a justice of the peace, charging that the defendants, severally, on a certain day, at Springfield, without any license, appointment or authority therefor, first duly had and obtained, sold intoxicating liquor to a person named. On the trials, in the court of common pleas, the jury were instructed that they might decide the cases, at their discretion, by a general verdict, or that they might return a special verdict, finding the facts, and leaving the law to be determined by the court. In the first case, the verdict was this: "The jury find that the sale was made, as set forth in the complaint." In the other case, the verdict was this: "The jury find that the defendant made the sale, as set forth in the complaint." The question is, whether either of these is such a special verdict as will authorize a judgment on it. And we are all of opinion that no judgment can be rendered on either.

To warrant a judgment against a defendant, on a special verdict, all the facts which are essential to a plaintiff's claim, in a civil action, or which constitute the offence with which a defendant is charged, in criminal process, must be expressly found in the verdict. The court cannot intend any thing which is not thus found. *Langley* v. *Paine*, Palm. 192. *Witham* v. *Lewis*, 1 Wils. 55. 2 Hawk. *c.* 47, § 9. 2 Gabbett Crim. Law, 526–528. *Commonwealth* v. *Call*, 21 Pick. 513. Now, whatever else these verdicts, or either of them, may be held to have found or not to have found expressly, it is certain, we think, that neither the finding that the sale was made, nor the finding that the defendant made the sale. as set forth in the complaint, is an

express finding that the defendant had no license, appointment or authority to make the sale. And though, generally, negatives need not be found, in special verdicts, yet they must be found when it is necessary to show that a person or thing does not come within a particular exception. *Mayor, &c. of Nottingham* v. *Lambert,* Willes, 117. In the present cases it was necessary to show that the defendants did not come within the exception, in *St.* 1855, *c.* 215, § 1, of persons duly authorized to sell intoxicating liquor. This not being shown by these verdicts, we must set them aside, and we do this without inquiring whether there is any other fatal defect in them.

*Verdicts set aside, and new trials ordered.*

*G. M. Stearns,* for Dooly.

*W. L. Smith,* for Honey.

*J. H. Clifford,* (Attorney General,) for the Commonwealth